EARL McRAE SMITH v. NEW AMSTERDAM CASUALTY COMPANY.

(Filed 23 November, 1938.)

APPEAL by plaintiff from *Olive, Special Judge,* at May Civil Term, 1938, of WAKE. Affirmed.

This is a civil action on an accident insurance policy issued by defendant to plaintiff on 2 October, 1937, upon the payment to defendant by

plaintiff of the first annual premium of $25.00, which, it is admitted, was actually paid, said policy being No. CA-88129. Plaintiff alleged that on 30 October, 1937, while said policy was in force and effect, he suffered an automobile accident, which resulted in the complete loss of his left eye, necessitating the amputation thereof. It is admitted by defendant that if plaintiff is entitled to recover any sum of money of defendant, he is entitled to recover the sum of $1,687.50 under the terms of said policy for the loss of his eye, for surgical attention, for hospital and nurse expenses, and for continuous disability.

Defendant admits the issuance and delivery of the policy and payment of the required premium, but denies liability for that plaintiff made false answers to material questions contained in the application for the policy sued on. Defendant, therefore, tenders into court the amount of the premium paid by plaintiff, with interest, and prays that plaintiff recover nothing by the action and that the policy be surrendered and canceled. From judgment of nonsuit at the close of all the evidence, plaintiff appealed.

*Bunn & Arendell for plaintiff.*
*Thomas Creekmore and J. M. Broughton for defendant.*

PER CURIAM. We think on the whole record that there were several false answers to material questions in the application for insurance ("Combination Accident Policy") made by plaintiff. There was no dispute on the record as to the falsity of these answers and as a matter of law we think they were material. On account of the language in the application, we do not think that there has been any waiver by defendant as to its right to refuse payment on account of the false answers to the material questions contained in the application for the policy sued on.

On this record we think the nonsuit was proper. We see no new or noval proposition of law. The judgment in the court below is

Affirmed.